UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM SHEPARD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON,<br><br>　　　　　Respondent. | No.  2:13-cv-01812 JAM AC P<br><br><br>FINDINGS AND RECOMMENDATION |

Petitioner is a state prisoner who proceeds pro se and in forma pauperis on this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Pending before the court is petitioner's motion to stay and abey his petition (ECF No. 4), respondent's opposition (ECF No. 14), and petitioner's reply (ECF No. 16).  For the reasons discussed below, the undersigned recommends that petitioner's motion for a stay be denied.

I.  　Procedural History

Petitioner was convicted of first degree felony murder and was sentenced to life without the possibility of parole plus a consecutive term of twenty-five years to life.  His conviction was affirmed by the California Court of Appeal on September 10, 2009.  Lodged Doc. No. 2.  The California Supreme Court denied his petition for review on December 17, 2009.  Lodged Doc. No. 4.

On August 11, 2010, petitioner filed a habeas corpus petition in the Sacramento Superior Court.[1]  Lodged Doc. No. 5.  This petition was denied in a reasoned opinion on October 19, 2010.  Lodged Doc. No. 6.  Over two years later, petitioner filed a habeas petition in the California Court of Appeal.[2]  Lodged Doc. No. 7.  This petition was summarily denied on February 17, 2013.  Lodged Doc. No. 8.  On April 10, 2013 petitioner filed a habeas petition in the California Supreme Court which was denied on June 12, 2013.[3]  Lodged Doc. No. 11.

Petitioner then filed a request for the appointment of counsel to pursue postconviction DNA testing pursuant to California Penal Code § 1405 on or about June 28, 2013.  See ECF No. 1 at 5; see also ECF No. 16 at 9 (conceding that petitioner did not pursue relief under California Penal Code § 1405 until 2013).   The Sacramento Superior Court granted this request subject to the appropriation of funding on July 19, 2013.  Lodged Doc. No. 12.  On September 19, 2013, petitioner filed a writ of mandate in the California Court of Appeal challenging the Superior Court's order deferring the provision of postconviction counsel to pursue DNA testing until state funding was restored.  Lodged Doc. No. 13.  The petition for writ of mandate was denied on November 7, 2013.  See California Appellate Courts Case Information Website, Third Appellate District, Case No. C074777, http://appellatecases.courtinfo.ca.gov/.

The present federal habeas corpus petition was filed on August 27, 2013 and raises four

---

[1] A cover letter written by petitioner and sent to the Superior Court at a later date indicates that he sent the petition "on the night of August 31, 2010."  See Lodged Doc. No. 5 at 2.  However, the signature on the petition itself is dated August 11, 2010.  Since petitioner is entitled to have his pro se pleadings liberally construed, the court will utilize the August 11, 2010 date as the constructive filing date for this petition.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (adopting a liberal pleading rule for pro se parties).

[2] Petitioner has been given the benefit of the prison mailbox rule for all of his pleadings filed in both state and federal court.  See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

[3] The first copy of this petition was received by the California Supreme Court on March 29, 2013 and returned to petitioner unfiled with a cover letter dated April 4, 2013 indicating the reasons why it was rejected for filing.  See Lodged Doc. No. 9.  The petition that was eventually filed thus bears two separate signature dates of March 25, 2013 and April 10, 2013.  Id.  Since the original petition was not "properly filed," the subsequent date of April 10, 2013 will be used as the constructive filing date for this petition.  See Pace v. Diguglielmo, 544 U.S. 408 (2005) (finding that because the state court rejected a habeas petition due to its untimeliness it was not "properly filed" and therefore not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2)).

1 separate claims for relief. ECF No. 1. First, petitioner alleged that his trial counsel was
2 ineffective for failing to investigate ballistics and fingerprint evidence and failing to conduct
3 DNA testing on a gun shell case. ECF No. 1 at 4. In this claim petitioner alleges that he is
4 actually innocent and that he was merely a witness to the shooting. Id. Petitioner also claims that
5 his trial counsel was ineffective for failing to investigate and present third party culpability
6 evidence. Id. In his last two claims for relief, petitioner challenged the sufficiency of the
7 evidence to support the gun use enhancement and the felony murder special circumstance. ECF
8 No. 1 at 5.

9 II.     Motion for a Stay

10 On the same date that he filed his federal habeas application, petitioner filed a motion to
11 stay and abey the petition pending the investigation and outcome of DNA testing authorized by
12 California Penal Code § 1405. ECF No. 4 at 1. Petitioner asserts that this DNA testing is
13 relevant to his claims of actual innocence and ineffective assistance of counsel. Id. The stay is
14 requested pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Id. at 4.

15 Respondent opposes petitioner's request, arguing that a stay is not appropriate because the
16 petition is untimely filed as well as fully exhausted. ECF No. 14. And, even assuming that the
17 petition is timely and that there are some potentially unexhausted and meritorious claims, a stay is
18 unwarranted because petitioner unreasonably delayed in the investigation and presentation of his
19 claims. Id. Respondent requests that the motion to stay and abey be denied, and that this court
20 consider dismissing the federal petition with prejudice because it was untimely filed. ECF No. 14
21 at 31.

22 In his reply, petitioner concedes that his federal habeas petition is untimely filed, but
23 requests equitable tolling based on his mental impairment, actual innocence, and lack of
24 understanding of the law. ECF No. 16 at 5. If a stay is not granted, petitioner requests that the
25 court hold a hearing on his requests for equitable tolling. Id. at 7.

26 V.     Analysis

27 At the outset, it must be noted that the stay and abeyance procedure requested by

28

3

1  petitioner is only authorized for petitions that contain exhausted and unexhausted claims.[4] Such a
2  procedure is unnecessary here, however, because petitioner's claims have already been fairly
3  presented to the California Supreme Court and are exhausted.[5] See Lodged Doc. Nos. 9, 10
4  (California Supreme Court habeas corpus petition and amended habeas corpus petition).

5  In the present case, there are two separate reasons to deny petitioner's motion for a stay.
6  First and foremost, petitioner is not seeking a stay in order to return to state court to exhaust new
7  claims for relief.  Petitioner requests the court to stay his wholly exhausted habeas petition in
8  order to complete "the investigation of DNA testing on evidence relevant to his claims of actual
9  innocence and ineffective assistance of counsel."  ECF No. 4 at 1.  Thus, petitioner is merely
10 trying to utilize the state DNA testing procedure to factually enhance his currently pending claims
11 for relief.  Petitioner concedes as much in his reply when he requests an evidentiary hearing on
12 his ineffective assistance of counsel claims in this court in the event that his request for a stay is
13 denied.  See ECF No. 4 at 2-3.  In this vein, petitioner is seeking to use either state DNA testing
14 or an evidentiary hearing in federal court to obtain the evidence demonstrating his actual
15 innocence.  However, this court does not have the discretion to authorize an indefinite stay of
16 federal habeas proceedings unless and until petitioner obtains actual DNA evidence proving his
17 actual innocence.  See Rhines v. Weber, 544 U.S. at 277 (emphasizing that a stay and abeyance

---

[4] Mixed petitions contain "some claims that have been exhausted in the state courts and some that have not (been exhausted in the state courts.)" Rhines v. Weber, 544 U.S. 269, 271 (2005). District courts "must dismiss ... 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510 (1982). District courts have discretion to stay a mixed petition only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.

[5] Nor does a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), provide the correct procedural framework for petitioner's motion for a stay.  Pursuant to the three step procedure outlined in Kelly, district courts have the discretion to permit:  (1) petitioners to amend a mixed habeas petition to delete any unexhausted claims; (2) the court to stay and hold in abeyance the amended, wholly exhausted petition, allowing the petitioner the opportunity to return to state court to exhaust the deleted claims; and, (3) the petitioner to later amend his petition and add back in the newly-exhausted claims to the petition.  Kelly, 315 F.3d at 1070-71 (emphasis added).  In the present case, petitioner did not file a mixed petition, i.e. one that contains both exhausted and unexhausted claims.  For that reason, Kelly does not apply.

1  "should be available only in limited circumstances"). The stay and abeyance procedure was
2  created to allow habeas petitioners a fair chance at presenting all of their claims for relief. See
3  Rhines, 544 U.S. at 275 (recognizing the problem that the total exhaustion requirement and
4  AEDPA's one year statute of limitations created in providing habeas petitioners with the chance
5  for federal review over all of their claims). It was not created to provide petitioners with a never-
6  ending opportunity to return to state court to gather additional evidence to support already
7  exhausted claims for relief.

8  While the Ninth Circuit has recognized the discretion that district courts have to stay a
9  fully exhausted habeas corpus petition such as the instant petition, that discretion is not unlimited.
10  See Calderon v. United States Dist. Ct (Taylor), 134 F.3d 981, 988 (9th Cir. 1988); see also
11  Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), cert. denied 519 U.S. 1102 (1997) (stating
12  that a "district court has discretion to stay a petition which it may validly consider on the
13  merits."). For example, in Taylor, the Ninth Circuit determined that a district court could not
14  indefinitely stay proceedings pending exhaustion in state court or "hold in abeyance the
15  application of a petitioner who merely sought to stall the habeas [proceedings]." Taylor, 134 F.3d
16  at 988 n. 11. Such is the case here. For that reason, the undersigned recommends denying
17  petitioner's motion for a stay.

18  VI.   Statute of Limitations

19  A stay is also inappropriate in this case because the habeas petition itself was untimely
20  filed. There is no good cause to grant a stay where the action must ultimately be dismissed as
21  untimely. See Rhines v. Weber, 544 U.S. at 275 (holding that the stay and abeyance procedure
22  may protect a petitioner who has timely filed a mixed petition in federal court from the AEDPA
23  limitations after exhausting in state court). Petitioner concedes that his federal petition is
24  untimely, and the undersigned has reviewed the relevant state lodged docs and has independently
25  concluded that the petition was filed more than two years late. See ECF No. 16 at 5.

26  Section 2244(d)(1) of Title 28 of the United States Code contains a one year statute of
27  limitations for filing a habeas petition in federal court. The one year clock commences from
28  several alternative triggering dates which are defined as "(A) the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing… is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court… and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). The statute of limitations clock also stops, or is tolled, during the pendency of properly filed state habeas petitions. 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final for purposes of the AEDPA on March 17, 2010, following the expiration of time to seek certiorari review by the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(A). The statute of limitations commenced on the next day and expired one year later on March 17, 2011, absent any statutory or equitable tolling. See Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001) (using the anniversary date method for calculating the statute of limitations).

     A.     Statutory Tolling

The time during which a "properly filed" application for state post-conviction or collateral review is pending does not count toward the one-year limitations period. 28 U.S.C. § 2244(d)(2); Porter v. Ollison, 620 F.3d at 958. An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999). Tolling continues during the intervals between a lower court's decision in post-conviction proceedings and the proper filing of a new petition or a notice of appeal in a higher court, so long as the filing is deemed timely under state law. Evans v. Chavis, 546 U.S. 189 (2006).

Here petitioner filed a state habeas petition in the Sacramento Superior Court on August 11, 2010 which was denied on October 19, 2010. The statute of limitations was therefore tolled during the 69 days in which the state habeas petition was pending. See 28 U.S.C. § 2244(d)(2).

1   Accordingly, the statute of limitations did not expire until May 25, 2011.  Petitioner is not entitled
2   to any additional statutory tolling during the pendency of his second and third state habeas
3   petitions because they were filed after the statute of limitations had already expired.  See
4   Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Likewise, petitioner's request for the
5   appointment of counsel to prepare and file a motion for DNA testing pursuant to California Penal
6   Code § 1405 did not statutorily toll the federal statute of limitations.[6]  Petitioner did not file that
7   motion or the subsequent petition for writ of mandate in the California Court of Appeal until
8   2013, long after the federal statute of limitations had already expired.  Thus, the instant federal
9   habeas petition filed on August 27, 2013 was filed more than two years late.

10          B.      Equitable Tolling

11          In his reply, petitioner requests equitable tolling of the statute of limitations based on an
12  alleged mental impairment of "paranoia, chronic depression, antisocial behavior and psychotropic
13  medication…."  ECF No. 16 at 12.  In support of this request, petitioner cites to Bills v. Clark,
14  628 F.3d 1092 (9th Cir. 2010).  In Bills, the Ninth Circuit concluded that "equitable tolling is
15  permissible when a petitioner can show a mental impairment so severe that the petitioner was
16  unable personally either to understand the need to timely file or prepare a habeas petition, and that
17  impairment made it impossible under the totality of the circumstances to meet the filing deadline
18  despite petitioner's diligence."  Before remanding the case, the Ninth Circuit instructed district
19  courts to: "(1) find the petitioner has made a non-frivolous showing that he had a severe mental
20  impairment during the filing period that would entitle him to an evidentiary hearing; (2)
21  determine, after considering the record, whether the petitioner satisfied his burden that he was in
22  fact mentally impaired; (3) determine whether the petitioner's mental impairment made it
23  impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the
24  petitioner was otherwise diligent in attempting to comply with the filing requirements."  Id. at

---

[6] Respondent additionally argues that this motion as well as the subsequent petition for writ of mandate filed in the California Court of Appeal are not entitled to statutory tolling because they do not constitute an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim…."  28 U.S.C. § 2244(d)(2).  The court does not find it necessary to address this additional issue because the motion for the appointment of counsel and the petition for writ of mandate were filed long after the statute of limitations expired.

1000-1101.

With this standard in mind, the court will provide petitioner with the opportunity to further develop the record supporting his request for equitable tolling. Other than identifying the specific mental condition from which he suffers, petitioner has not provided any further information or documentation demonstrating how this impairment actually prevented him from diligently complying with the statute of limitations. See Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (stating that petitioner bears the burden of demonstrating entitlement to equitable tolling). The court will therefore defer ruling on petitioner's request for equitable tolling pending further development of the record.[7]

ACCORDINGLY IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a stay (ECF No. 4) be denied for the reasons stated herein.

2. Respondent's request to dismiss the petition with prejudice based on its untimeliness be denied as premature.[8]

3. Respondent be directed to file an answer to the petition, or in the alternative a motion to dismiss petitioner's habeas corpus petition, within thirty days of the district court's review and disposition of the instant Findings and Recommendations; petitioner's traverse or opposition to a motion to dismiss be filed and served within thirty days thereafter, and respondent's reply, if any, be filed and served within fourteen days following petitioner's opposition; and

4. Petitioner be directed to file any exhibits or documents supporting any request for equitable tolling based on an alleged mental impairment along with his opposition to any motion to dismiss.

These findings and recommendations are submitted to the United States District Judge

---

[7] To the extent that petitioner also requests equitable tolling based on actual innocence, he may supplement the record with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial" demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).

[8] It appears from a review of the docket that respondent did not file a formal motion to dismiss petitioner's federal habeas corpus petition because the court only ordered respondent to file a response to the motion for a stay. See ECF No. 5. Therefore, any dismissal of the petition at this procedural juncture would be premature.

1 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days
2 after being served with these findings and recommendations, any party may file written
3 objections with the court and serve a copy on all parties. Such a document should be captioned
4 "Objections to Magistrate Judge's Findings and Recommendations." Due to the exigencies of the
5 court's calendar, there will be NO EXTENSIONS OF TIME GRANTED in which to file
6 objections. Any response to the objections shall be served and filed within fourteen days after
7 service of the objections. The parties are advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
9 F.2d 1153 (9th Cir. 1991).

10 DATED: February 6, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE